Sheri Pan (SBN 316136)
sheri@zwillgen.com
ZWILLGEN LAW LLP
369 Pine Street, Suite 506
San Francisco, CA 94104
Telephone: (415) 590-2335
Facsimile: (415) 636-5965

*Attorneys for Defendant
FanDuel Inc.*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBEKA RODRIGUEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FANDUEL INC., a Delaware corporation, d/b/a WWW.FANDUEL.COM,<br><br>Defendant. | Case No.: 2:24-cv-11160<br><br>DEFENDANT FANDUEL INC.'S NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA<br><br>28 U.S.C. §§ 1332, 1441, 1446, 1453<br><br>[*Filed concurrently with Civil Cover Sheet, Declaration of Nicole Weldon*]; *Notice of Interested Parties and Corporate Disclosure Statement*<br><br>Removed from Los Angeles Superior Court Case No. 24STCV30655 |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA; PLAINTIFF REBEKA RODRIGUEZ; AND PLAINTIFF'S ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant FanDuel Inc. ("FanDuel") hereby removes this action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453. In support of this notice of removal, FanDuel states as follows:

**PROCEDURAL HISTORY AND PLAINTIFF'S ALLEGATIONS**

1. This matter was filed on behalf of Rebeka Rodriguez, a resident and citizen of California, who takes issue with the practices of Defendant FanDuel, an online fantasy sports and gaming provider.

2. Plaintiff contends that FanDuel violates the California Invasion of Privacy Act (Cal. Penal Code § 630 *et seq.*, "CIPA") by allegedly deploying TikTok Software on its website "to capture the phone number, email, routing, addressing and other signaling information of website visitors" without obtaining its customers' consent. (Compl. ¶¶ 40-41.)

3. Plaintiff seeks relief for herself and a putative class of FanDuel customers who are California residents under CIPA § 638.50. (*Id.* ¶¶ 29, 41.)

4. Plaintiff seeks various forms of relief, including (i) statutory damages, (ii) attorneys' fees, and (iii) class certification. (*Id.* at 9.)

**I.  REMOVAL IS TIMELY**

5. This action was filed on November 20, 2024, in the Superior Court of the State of California for the County of Los Angeles. (Ex. A at 7 (Summons).)

6. Plaintiff first served this action on FanDuel through its registered service agent on November 27, 2024.

DEFENDANT FANDUEL INC.'S NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA

7. Because FanDuel filed this notice of removal within 30 days following its receipt of the Complaint, removal is timely. 28 U.S.C. § 1446(b)(1).

## II. THIS ACTION IS REMOVABLE UNDER THE CLASS ACTION FAIRNESS ACT

8. "Congress designed the terms of CAFA specifically to permit a defendant to remove certain class or mass actions into federal court [and] intended CAFA to be interpreted expansively." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). CAFA was enacted "to facilitate adjudication of certain class actions in federal court," and thus "CAFA's provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014) (citing *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595 (2013)). Any class action falling under CAFA may be removed to a federal district court in accordance with 28 U.S.C. § 1446 by any defendant. 28 U.S.C. § 1453.

9. Under CAFA, codified in part at 28 U.S.C. § 1332 and 1453, a federal district court shall have original jurisdiction over any putative civil class action in which: (1) there are at least 100 members in all proposed putative classes; (2) the matter in controversy exceeds (in the aggregate) the sum or value of $5,000,000, exclusive of interest and costs; and (3) at least one member of the plaintiff class is a citizen of a state different from any defendant. *See* 28 U.S.C. § 1332(d)(2)(A) & 5(B). Each CAFA requirement is met here.

### A. Plaintiff's Complaint Is a "Class Action" Under CAFA and Includes More Than 100 Members.

10. CAFA jurisdiction applies to class actions where "the class has more than 100 members." *Cantaro Castillo v. W. Range Ass'n*, 777 F. App'x 866, 868 (9th Cir. 2019). Under CAFA, a class action is "any civil action filed under [R]ule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial

1  procedure." 28 U.S.C. § 1332(d)(1)(B); *id.* § 1453(a), (b). "The term 'class

2  members' means the persons (named or unnamed) who fall within the definition of

3  the proposed or certified class in a class action." 28 U.S.C. § 1332(d)(1)(D).

4          11.    Here, this case is a "class action" under CAFA because Plaintiff

5  brings this case as a class action on behalf of all others similarly situated. (Compl.

6  ¶ 29.)

7          12.    Further, the Class alleged here has more than 100 members. Plaintiff

8  seeks to represent a class numbering "in the tens of thousands," of "[a]ll California

9  citizens whose personal information was shared with TikTok or other third parties

10 by Defendant" without their consent. (Compl. ¶¶ 29-30.)

11         13.    While FanDuel denies that this case is suitable for class treatment,

12 CAFA's 100-person threshold is easily met. Accepting Plaintiff's allegations about

13 the number of class members as true, the Class includes well over 100 members.

14 *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019) (quoting

15 *Ibarra*, 775 F.3d at 1197) ("[A] removing defendant's notice of removal 'need not

16 contain evidentiary submissions' but only plausible allegations of the jurisdictional

17 elements.").

18         14.    FanDuel's business records support this conclusion.  FanDuel's

19 records show that since November 20, 2023 at least 5,000 individuals with a likely

20 location of California visited FanDuel's website. *See* Declaration of Nicole

21 Weldon ("Weldon Decl.") ¶ 3.

22         **B.     The Amount in Controversy Exceeds $5,000,000.**

23         15.     Under CAFA, the amount-in-controversy requirement is satisfied if

24 the amounts implicated by the claims of the putative class exceed, in the aggregate,

25 $5 million, exclusive of interest and costs. 28 U.S.C. § 1332(d)(6). "[A]s specified

26 in § 1446(a), a defendant's notice of removal need include only a plausible

27 allegation that the amount in controversy exceeds the jurisdictional threshold."

28

DEFENDANT FANDUEL INC.'S NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR
THE CENTRAL DISTRICT OF CALIFORNIA

*Dart Cherokee*, 574 U.S. at 89. When determining the amount in controversy for a particular matter, "a removing defendant is permitted to rely on 'a chain of reasoning that includes assumptions.'" *Arias,* 936 F.3d at 925 (citing *Ibarra*, 775 F.3d at 1199).

16.  While denying all liability, based on the allegations stated in Plaintiff's complaint, there is more than $5,000,000 in controversy. Plaintiff seeks statutory damages for violations of CIPA § 638.51 which are $5,000 per violation. (Compl. ¶ 42; Cal. Penal Code §§ 638.51(a), 637.2(a)(1).) Damages of $5,000 per violation multiplied by a putative class of at least 5,000 members puts the amount in controversy in excess of $5,000,000.

### C. The Parties are Minimally Diverse.

17.  Diversity of citizenship exists under CAFA if "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

18.  The Complaint confirms that the parties are minimally diverse. The named Plaintiff alleges that she is a citizen of California. (Compl. ¶ 11.)

19.  FanDuel is organized under the laws of Delaware and its principal place of business is in New York. *See* Weldon Decl. ¶ 4. Therefore, for CAFA purposes, FanDuel is a citizen of Delaware and New York.

20.  CAFA's diversity requirement is met because Plaintiff is a California resident and FanDuel is not. *See* 28 U.S.C. § 1332(d)(2).

### D. No CAFA Exceptions Apply.

21.  This case does not fall within any exclusion to removal jurisdiction recognized by 28 U.S.C. § 1332(d), and Plaintiff has the burden of proving otherwise. *See Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007) ("[T]he party seeking remand bears the burden to prove an exception to CAFA's jurisdiction.").

## III. VENUE

22. Plaintiff filed the Complaint in the Superior Court of the State of California for the County of Los Angeles, which is located within the Central District of California. 28 U.S.C. § 84(c)(2). This Notice of Removal is thus properly filed in this Court pursuant to 28 U.S.C. § 1441(a), 1446(a), and 1453(b).

## IV. NOTICE

23. 28 U.S.C. § 1446(a) requires that copies of all pleadings, process, and orders served upon the removing defendant in the state court action be attached to the Notice of Removal. These materials are attached to this Notice as Exhibit A.

24. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal shall be contemporaneously filed with the Clerk of the Superior Court of the State of California for the County of Los Angeles and served upon Plaintiff.

**WHEREFORE,** pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, 1453, Defendant FanDuel Inc. respectfully removes this action from the Superior Court of the State of California for the County of Los Angeles, to this Honorable Court, the United States District Court for the Central District of California.

Dated: December 27, 2024

ZWILLGEN LAW LLP

By: */s/ Sheri Pan*
Sheri Pan (SBN 316136)
sheri@zwillgen.com

*Attorneys for Defendant FanDuel Inc.*